## In re Anonymous 11 D.B. 78

Disciplinary Board Docket no. 11 D.B. 78.

HARRINGTON, *Chairman,* November 25, 1981 —Pursuant to Rule 281(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement (rules), the Disciplinary Board of the Supreme Court of Pennsylvania (board), submits its findings and recommendations to your honorable court with respect to the above petition for reinstatement.

## I. HISTORY OF PROCEEDINGS

[ ], petitioner, filed a petition for reinstatement and reinstatement questionnaire on August 4, 1981 and the matter was referred to hearing committee [ ].

The hearing was held on August 28, 1981 and on October 16, 1981, the hearing committee filed its report recommending that the reinstatement petition be granted.

On October 20, 1981, the Office of Disciplinary Counsel advised by letter that no brief on exceptions to the report of the hearing committee would be filed.

## II. DISCUSSION

[Petitioner] was graduated from the University of Miami School of Law in 1954. Following graduation, he worked for six years as a legal adviser for [ ] County. In 1962, he was appointed to serve as a Workmen's Compensation Referee and he served in that capacity for approximately two and one half years. He then became a magistrate in the City Court of [ ] and performed as such until 1973. The

activities which resulted in the criminal conviction occurred while he served in that capacity from 1970 through 1973.

In April of 1973, respondent was admitted to the Bar of Pennsylvania. After 1973, he engaged in the practice of law as a sole practitioner in the City of [   ]. [Petitioner] is currently 63 years of age.

The charges which resulted in respondent's conviction involved his acceptance of money from a bonding agency to influence his action as a magistrate in carrying out his official responsibilities in conjunction with the bonding agency's activities. Petitioner's conviction was subsequently affirmed by the United States Court of Appeals. As a result of a series of modifications of his sentence, petitioner ultimately served his sentence on five weekends at a halfway house in [   ] County. In addition thereto, petitioner was fined $2,500. Petitioner has complied with the terms of the sentence.

Disciplinary proceedings were commenced, which concluded in a recommendation by the hearing committee that petitioner be suspended for a period of six months. That recommendation was adopted by the Disciplinary Board and forwarded to your honorable court for approval. However, by order of June 24, 1980, the recommendation of the Disciplinary Board was rejected and petitioner [   ] was suspended from the practice of law for a period of one year.

Petitioner complied witht the provisions of Rule 217 of the Pennsylvania Rules of Disciplinary Enforcement, served the one year suspension and now applies for reinstatement. The board adopts the recommendation of the hearing committee and respectfully recommends to your honorable court that [petitioner] be reinstated to the practice of law.

Rule 218(3)(i) of the Pennsylvania Rules of Dis-

ciplinary Enforcement admittedly place a heavy burden on petitioner. It was the conclusion of the hearing committee and the conclusion of the board that petitioner has more than met that burden and has by clear and convincing evidence established to the satisfaction of the hearing committee and the board that petitioner has the moral qualifications, competency and learning in law required for admission to practice law in this Commonwealth and further that the resumption of the practice of law by petitioner will be neither detrimental to the integrity and standing of the Bar or the administration of justice nor would his reinstatement be subversive of the public interest.

Petitioner testified at some length at the hearing in such a manner as to erase any doubt that he does, in fact, possess the moral qualifications necessary to the resumption of the practice of law. On cross-examination, the attorneys representing the Office of Disciplinary Counsel asked less than a dozen questions, most of which dealt with petitioner's date of graduation from law school and the nature of practice in which he was engaged and to which he expects to return. Petitioner responded to the questions by testifying that he expects to return to a ". . . desk practice. . . . closings, condemnations, wills, divorces, squire and magistrate hearings. . . ." The Office of Disciplinary Counsel did not file any brief on exceptions nor have they opposed in any way the application for reinstatement.

At the hearing, petitioner called to testify [A] currently Director of the [ ] County Planning Department, who formerly held the Office of County Controller, Executive Director of the Housing Authority of [ ] County, President of the Council of Churches, Treasurer of the Salvation Army, and who was active in many other social and charitable

activities and institutions in [   ] Pennsylvania. He testified that he was well acquainted with [petitioner] and considered him to be a person who possessed zeal, loyalty, integrity and concern for his community.

Petitioner's counsel advised the hearing committee that he was prepared to call any number of witnesses but instead submitted affidavits and letters from various professional and civic leaders in the community, including [B], Assistant Superintendent of Police, [C], Esq., Reverend [D], Pastor of the Greek Orthodox Community and [E], President of the Council of the city of [   ], and others. All of those who submitted affidavits were high in their praise of petitioner.

No witnesses were called by the Office of Disciplinary Counsel to contradict any of the allegations made by petitioner in his application or any of the statements made by witnesses.

## RECOMMENDATION

For the reasons set forth above, Disciplinary Board recommends to your honorable court that the said [petitioner] be reinstated to the practice of law in Pensylvania pursuant to Rule 218 of the Pennsylvania Rules of Disciplinary Enforcement upon payment of the necessary expenses incurred in the investigation and processing of the petition as set forth in the attached schedule pursuant to Rule 218(e).

Mr. Daniels did not participate in the adjudication.

## ORDER

O'BRIEN, *C.J.*, and now, January 22, 1982, the

532

recommendation of the Disciplinary Board dated November 25, 1981, is accepted and the petition for reinstatement is granted.

The expenses incurred by the board in the investigation and processing of the petition for reinstatement shall be paid by petitioner.